In Cole v. State, 11 Tex. App. 67, Judge Winkler says of such variance:

"The demands of the law seem to be met when there is a substantial agreement between the affidavit and the information in matters of substance. They must agree as to the time and place of the commission of the offense," etc.

We have been referred to but one case, and have been unable to find but that one, in which it appears that this court has upheld the state's pleadings when there was a variance between the complaint and the information, as to the time of the offense. See Shelton v. State, 27 Tex. Cr. R. 443, 11 S. W. 457, 11 Am. St. Rep. 200. An examination of this case discloses, however, that the opinion, as prepared and announced by the court, does not state in what particular there was a variance between the complaint and information, but simply states that such variance is immaterial. In the syllabus of the case, it is stated by the reporter that the variance was as to the time. This case seems to be against the large majority of the holdings, and we are not inclined to follow it. We think there should be agreement between the complaint and information, as to the time of the offense, and that, inasmuch as this was a matter of substance, it could be raised by a motion in arrest of judgment.

[3] The complaint being apparently sufficient, subject to the suggested amendment to the jurat, we think it would be proper for the prosecution to file a new information based thereon, if they see fit; and, in view of this fact, the case will be reversed and remanded only.

---

## BAILEY v. STATE. (No. 5987.)

(Court of Criminal Appeals of Texas. Nov. 24, 1920.)

Criminal law ☞1094—Judgment affirmed, in absence of bills of exception or statement of facts.

    Where the record shows no reason for reversal and no reviewable error, and there is no statement of facts or bills of exception, the judgment will be affirmed.

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Irwin Bailey, alias C. E. Bailey, was convicted of theft, and he appeals. Affirmed.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of theft, and allotted ten years confinement in the penitentiary.

The record is before us without a statement of facts or bills of exception, and, so far as the record is concerned, it presents no sufficient reason why the judgment should be reversed, and in fact presents no revisable error in the absence of the evidence and bills of exception.

The judgment will be affirmed.

---

## BAILEY v. STATE. (No. 5988.)

(Court of Criminal Appeals of Texas. Nov. 24, 1920.)

Criminal law ☞1094—Judgment affirmed, in absence of bills of exception or statement of facts.

    Where the case seems to be sufficient on its face, and there are neither bills of exception nor statement of facts in the record, the judgment will be affirmed.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of theft and his punishment assessed at two years confinement in the penitentiary.

As the record presents the appeal, there is nothing this court can intelligently revise, there being neither bills of exception nor statement of facts. The case on its face seems to be sufficient, in the absence of some pertinent matter properly presented for revision.

The judgment will be affirmed.

---

## BAILEY v. STATE. (No. 5989.)

(Court of Criminal Appeals of Texas. Nov. 24, 1920.)

Criminal law ☞1094—Judgment affirmed in absence of bills of exception or statement of fact.

    Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Irwin Bailey, alias C. E. Bailey, was convicted of theft, and he appeals. Affirmed.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes